```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NEW YORK HOTEL AND GAMING TRADES                            :
COUNCIL, AFL-CIO,                                           :
                                  Petitioner,               :   24 Civ. 6583 (LGS)
                  -against-                                 :
                                                            :
LUXURBAN HOTELS INC. f/k/a                                  :
CORPHOUSING LLC d/b/a THE BLAKELY                           :
HOTEL BY LUXURBAN,                                          :
                                  Respondent.               :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Petitioner New York Hotel and Gaming Trades Council, AFL-CIO seeks to confirm two arbitration awards: (1) Award No. 2023-113 issued on October 4, 2023, directing Respondent LuxUrban Hotels Inc. to pay $727,428.43 in severance payments to Petitioner (the "Severance Award") and (2) Award No. 2024-121, issued on October 11, 2024, directing the drawdown and replenishment of a cash bond posted by Respondent at the Office of the Impartial Chairperson ("OIC") to pay the Severance Award (the "Drawdown Award"). Petitioner additionally requests pre-judgement interest since the date of the Severance Award, October 4, 2023, post judgement interest and attorney's fees, costs and disbursements. Respondent has not responded to the First Amended Petition (the "Petition") or appeared in this action. For the reasons below, the arbitration awards are confirmed.

I.       BACKGROUND

The following facts are taken from the Petition, Petitioner's memorandum of law and its supporting exhibits. Petitioner is a labor organization representing close to 40,000 workers

employed in the hotel, hospitality and gaming industries in the State of New York and northern New Jersey. Respondent is the net lessee and operator of the Blakely Hotel, located in Manhattan New York. In December 2021, Petitioner and Respondent negotiated and executed an Industry-Wide Collective Bargaining Agreement (the "IWA"), which provided in part that Blakely, LLC ("Blakely"), the then-net-lessee of the hotel, would offer voluntary enhanced severance pay and other enhanced severance pay, pursuant to Local Law 2397-A, in exchange for a waiver of any right to recall or rehire by the hotel. Petitioner and Respondent entered into another agreement in December 2021 (the "December 2021 Agreement"), which stated in part that "[a]ny and all disputes between the parties or regarding the interpretation or application of this Agreement shall be subject to the grievance and arbitration provisions of [the] IWA." The grievance and arbitration provision of the IWA states in part that "[a]ll complaints, disputes or grievances arising between the parties" will be referred to the OIC and that "his/her decision shall be final and binding upon the parties." The December 2021 Agreement was signed by Brandon Elster, Respondent's Managing Director.

In October 2023, Respondent entered into another agreement with Petitioner (the "2023 Agreement"). The 2023 Agreement states in part that, "if either party moves to confirm an arbitration decision due to the non-moving party's failure to comply with the same, and the decision is subsequently confirmed in whole or in part, the non-moving party will pay the reasonable attorney's fees and costs of the other party."

On June 9, 2022, Petitioner demanded arbitration against Respondent for Blakely's and Respondent's failure to pay enhanced and statutory severance payments to certain employees as required by paragraph 1 of the December 2021 Agreement. Respondent replied that Petitioner had "failed to raise any factual or legal basis that would allow [Petitioner] to ignore the clear

language in the December 2021 Agreement requiring any payments required thereunder to be the sole responsibility of [Blakely], and, by exclusion, that [Respondent] ha[d] no obligation to pay the same."

A hearing was held on February 13, 2023, before Impartial Chairperson Aaron Shriftman after which both parties, through counsel, submitted post-hearing briefs. On October 4, 2023, the Impartial Chairperson issued the Severance Award, which finds that Respondent had misrepresented its authority to bind Blakely in the December 2021 Agreement and therefore that Respondent was obligated to pay $489,928.43 in enhanced severance pay and an additional $237,500.00 in statutory severance pay, totaling $727,428.43.

Pursuant to Article 46 of the IWA, on April 12, 2024, the Impartial Chairperson issued Award No. 2024-36R, which ordered Respondent to post a bond with the OIC in the amount of $593,281.65 for Blakely, "due to [Respondent's] failure to comply with the Severance Award." Petitioner then requested a drawdown of that bond to pay employees in accordance with the Severance Award. On October 11, 2024, the Impartial Chairperson issued the Drawdown Award granting the request. The Drawdown Award further ordered Respondent "to replenish the cash bond in the amount of the drawdown, including the paying of any monies that it is ordered to pay in pending court actions," consistent with IWA Article 46, which requires the furnishing of cash or a bond with the OIC "[i]n the event the Impartial Chairperson finds that a default has occurred in the payment of wages." Additionally, the Drawdown Award states that it "does not relieve [Respondent] of its obligations to fully comply with and pay all of the amounts due under any of the decisions for which it was found liable by this tribunal."

To date, Respondent has failed to comply with the Severance Award or the Drawdown Award. Respondent has neither moved nor petitioned to vacate the Awards in this case or in any other proceeding, and the Awards are still in full force and effect.

## II. STANDARD

Under the Federal Arbitration Act, a party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court "must grant . . . unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. "An extremely deferential standard of review is appropriate in the context of arbitral awards to encourage and support the use of arbitration by consenting parties." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378 (2d Cir. 2023).[1] "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id.* at 378-79.

Courts will examine an arbitrator's decision "only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). A reviewing court is "not authorized to review the arbitrator's decision on the merits." *Id.* The arbitrator need only explain his reasoning "in terms that offer even a barely colorable justification." *Burns Int'l Sec. Servs., Inc. v. International Union, United Plant Guard Workers of Am. (UPGWA) & Its Loc. 537*, 47 F.3d 14, 17 (2d Cir. 1995); *accord Chelsea Grand, LLC v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, 729 F. App'x 33, 38 (2d Cir. 2018) (summary order). "[A] reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies . . . unless the award is procured through

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnote and citations are omitted, and all alterations are adopted.

fraud or dishonesty." *Loc. 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999). "As long as the award draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice, it must be confirmed." *Nat'l Football League Mgmt. Council*, 820 F.3d at 537.

A district court should treat an unanswered petition to confirm or vacate an arbitration award as "an unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *accord Exclusive Trim, Inc. v. Kastamonu Romania, S.A.*, 698 F. Supp. 3d 621, 626 (S.D.N.Y. 2023). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair & Co.*, 462 F.3d at 110.

### III.  DISCUSSION

#### A.  Arbitration Awards

The Petition to confirm the Severance Award and the Drawdown Award is granted because no material fact is disputed. In the December 2021 Agreement, both parties agreed that "[a]ny and all disputes between the parties or regarding the interpretation of this agreement shall be subject to the grievance and arbitration provisions of [the] IWA." The IWA's arbitration provision requires that "[a]ll complaints, disputes or grievances arising between the parties" be referred to the OIC, and that "his/her decision shall be final and binding upon the parties." Both parties participated and were represented by counsel in the arbitration proceeding and were afforded full opportunity to submit arguments and evidence. Respondent has since failed to oppose the Petition and has not otherwise moved to vacate, modify, or correct the awards. *See* 9

U.S.C. § 9 (addressing confirmation of an arbitral award unless "vacated, modified, or corrected").  Because the initial dispute that led to the Severance Award and the Drawdown Award concerned the interpretation of the December 2021 Agreement, the dispute was within the scope of the Impartial Chairperson's authority.  Consequently, his awards are binding.  *See Nat'l Football League Mgmt. Council*, 820 F.3d at 537 ("[The reviewing court's] task is simply to ensure that the arbitrator was even arguably construing or applying the contract and acting within the scope of his authority and did not ignore the plain language of the contract.").

      The Severance Award explains that Respondent misrepresented its authority to bind Blakely to the December 2021 Agreement by signing the agreement after communicating to Petitioner that Respondent could "get sign off" from Blakely's principal, and that Respondent therefore was liable for the enhanced severance payments "under a theory of breach of implied warranty of authority."  In light of Respondent's failure to satisfy the Severance Award and other contractual obligations, the Drawdown Award ordered a drawdown of the cash bond posted with the OIC, and the replenishment of that bond by Respondent, pursuant to Article 46 of the IWA, which provides for the posting of cash or a bond with the Impartial Chairperson "[i]n the event the Impartial Chairperson finds that a default has occurred in the payment of wages."  It is undisputed that Respondent did not have authority to bind Blakely to the December 2021 Agreement, did not pay the required enhanced severance pay and statutory severance to certain employees and did not satisfy the Severance Award, leading to the issuance of the Drawdown Award, which also was not satisfied.  These undisputed facts support both awards.  Because both awards had more than a "barely colorable justification," they are both confirmed.  *Burns Int'l Sec. Servs., Inc.*, 47 F.3d at 17.

### B. Attorney's Fees

Petitioner requests attorney's fees and costs incurred in connection with this action "in an amount to be determined upon application" following the issuance of this opinion. Petitioner's fee request is granted for two separate reasons: (1) because Respondent has refused to abide by the awards without justification and (2) because Respondent has a contractual obligation to pay.

In confirming an arbitration award, attorney's fees may be awarded "when a challenger refuses to abide by an arbitrator's decision without justification." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 819 (2d Cir. 2022). Because Respondent, without justification, has failed to comply with the awards, Petitioner is entitled to reasonable attorney's fees and costs incurred in connection with this action. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Tried N True Interiors LLC*, No. 19 Civ. 2083, 2019 WL 2327524, at *3-4 (S.D.N.Y. May 31, 2019) (noting "award of fees and costs is justified" where defendant "failed to offer any justification for its refusal to abide by the decision of the arbitrator").

Respondent also has a contractual obligation to pay the fees. Petitioner and Respondent are parties to the 2023 Agreement, which requires that, "if either party moves to confirm an arbitration decision due to the non-moving party's failure to comply with the same, and the decision is subsequently confirmed in whole or in part, the non-moving party will pay the reasonable attorney's fees and costs of the other party." Attorney's fees and costs are properly awarded when a collective bargaining agreement provides contractual authorization for the award. *Trs. for N.Y.C. Dist. Council of Carpenters Pension Fund v. All Flooring Sols., LLC*, No. 19 Civ. 11065, 2020 WL 2571042, at *6 (S.D.N.Y. May 21, 2020) ("[A]n award of attorneys'

fees and court costs is proper when consistent with the parties' contractual obligations under the CBA.").

Reasonable attorney's fees are determined by ascertaining "what a reasonable, paying client would be willing to pay . . . when it is comparable to the prevailing rates in the community for similar services by lawyers of commensurate skill." *All Flooring Sols., LLC*, 2020 WL 2571042, at *6. Petitioner's counsel shall submit an application for fees and costs incurred in this action by May 1, 2025, including timesheets showing time worked, tasks performed, hourly billing rate and background information about the attorneys who worked on the case. *See, e.g.*, *Capital2Market Consulting, LLC v. Camston Wrather, LLC*, No. 22 Civ. 7787, 2023 WL 2366975, at *5 (S.D.N.Y. Mar. 6, 2023) ("[A]ny attorney who applies for court-ordered compensation in this Circuit must document the application with contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done."). Reasonable attorney's fees will be granted based on such application.

### C. Interest

Petitioner has requested an award of 9% per annum pre-judgment interest, running from the date of the arbitration awards until the awards are paid in full, and post-judgment interest. Courts have broad discretion in determining whether to grant pre-judgment interest, with a presumption in favor of granting pre-judgment interest. *U.S. Sec. & Exch. Comm'n v. Ahmed*, 72 F.4th 379, 403 (2d Cir. 2023); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2019 WL 2327524, at *3. When awarding pre-judgment interest, four factors are considered: "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Ahmed*, 72 F.4th

403. In the instant case, the factors weigh in favor of Petitioner as evidenced by Respondent's lack of a defense and because of the "time value of money, and the benefit that [Petitioner] could have derived from" payments due "had the funds been issued at the appropriate time and invested during the pendency of [this] proceeding." *Cohen v. Life Ins. Co. of N. Am.*, No 17 Civ. 9270, 2019 WL 1785095, at *4 (S.D.N.Y. Apr. 24, 2019); *accord SEIU, Loc. 32BJ v. Dayton Beach Park No. 1 Corp.*, No. 18 Civ. 3887, 2019 WL 120998, at *3 (S.D.N.Y. Jan. 4., 2019).

An interest rate of 9% per annum is approved because "the same considerations that inform the court's decision whether or not to award interest at all should inform the court's choice of interest rate." *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000); *accord Trividia Health, Inc. v. Nipro Corp.*, No. 20 Civ. 8450, 2022 WL 1744701, at *3 (S.D.N.Y. May 31, 2022). "Courts in the Second Circuit have awarded interest at the post-judgment statutory rate and under the New York rate," which is commonly set at 9% by courts in this Circuit. *Trividia Health, Inc.*, 2022 WL 1744701, at *3; *see*, *e.g.*, *In re Arb. Between P.M.I. Trading Ltd. v. Farstad Oil, Inc.*, No. 00 Civ. 7120, 2001 WL 38282, at *3 (S.D.N.Y. Jan. 16, 2001) (awarding interest at the post-judgment statutory rate pursuant to 28 U.S.C. § 1961); *Al Maya Trading Establishment v. Glob. Exp. Mktg. Co.*, No. 16 Civ. 2140, 2017 WL 1050123, at *5 (S.D.N.Y. Mar. 17, 2017) (applying the New York State statutory interest rate of 9%); NY CPLR § 5004(a) (setting New York State pre-judgment interest rate at 9% per annum.).

Post-judgment interest is granted as well. "Pursuant to 28 U.S.C. § 1961, the award of post judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 129 (2d Cir. 2023). This post-judgment interest requirement applies to actions confirming an arbitration award. *Westinghouse Credit Corp. v.*

*D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004); *N.Y.C. Dist. Council of Carpenters v. Tried N True Interiors LLC*, No. 20 Civ. 51, 2020 WL 1809323, at *4 (S.D.N.Y. Apr. 9, 2020).  Therefore, in addition to pre-judgment interest, Petitioner is awarded post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961 ("a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [the date of the judgment]") accruing from the date of entry of the judgment until payment is made.

### IV.    CONCLUSION

For the foregoing reasons, the Petition to Confirm Arbitration is **GRANTED**.  The Severance Award and Drawdown Award are confirmed.  Respondent shall pay Petitioner the amount required by the Severance Award, i.e., $727,428.43, plus pre-judgment interest at a rate of 9% per annum, accruing from the date of issuance of the Severance Award through the entry of judgment in this action, plus post-judgment interest calculated at the statutory rate prescribed by 28 U.S.C. § 1961.  Respondent shall replenish the cash bond posted with the OIC to the extent of any drawdown made to satisfy the Severance Award.

By **May 1, 2025**, Petitioner shall submit an application for attorney's fees and costs, including timesheets and other documents supporting the motion.

Dated:  April 9, 2025
        New York, New York

                                                                        _____
                                                                        **LORNA G. SCHOFIELD**
                                                                        **UNITED STATES DISTRICT JUDGE**

10