UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NEW YORK HOTEL AND GAMING TRADES              :
COUNCIL, AFL-CIO,                                           :
                                Petitioner, :      24 Civ. 6583 (LGS)
                                                            :
              -against-                                :
                                                            :      ORDER
LUXURBAN HOTELS INC. F/K/A                           :
CORPHOUSING LLC D/B/A THE BLAKELY,        :
                                Respondent. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the April 9, 2025, Order (the "Order") granted Petitioner's request for attorney's fees and costs. For the reasons stated therein, the Order found that reasonable attorney's fees and costs are warranted. The Order required Petitioner to file its application and supporting documentation by May 1, 2025.

      WHEREAS, on May 1, 2025, Petitioner filed a Declaration and exhibits in support of its application for attorney's fees and costs as required, including a summary chart of the hours worked and amount sought; billing records reflecting time spent and activities performed; and invoices and receipts reflecting costs sought. *See, e.g., Capital2Market Consulting, LLC v. Camston Wrather, LLC*, No. 22 Civ. 7787, 2023 WL 2366975, at *5 (S.D.N.Y. Mar. 6, 2023) ("[A]ny attorney who applies for court-ordered compensation in this Circuit must document the application with contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done."). Petitioner requests $11,502.00 in attorney's fees and $2,188.11 in costs.

      WHEREAS, on May 2, 2025, Respondent was directed to file by May 16, 2025, any opposition to Petitioner's fee application.

      WHEREAS, Respondent filed no opposition, and nothing has been filed on the docket

since May 2, 2025.

WHEREAS, when evaluating attorney's fees and costs, an hourly rate is considered reasonable when it is comparable to the prevailing rates in the community for similar services by lawyers of commensurate skill.  *Trs. for N.Y.C. Dist. Council of Carpenters Pension Fund v. All Flooring Sols.*, LLC, No. 19 Civ. 11065, 2020 WL 2571042, at *6 (S.D.N.Y. May 21, 2020). And "[h]ours that are excessive, redundant, or otherwise unnecessary, are to be excluded from the calculation of a reasonable fee."  *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016).  "As for costs, judges in this District routinely permit attorneys to recoup filing fees, service of process fees, charges for delivery of the summons and petition to the process server, and for service of orders and motion papers on an opposing party."  *All Flooring Sols.*, 2020 WL 2571042, at *5.[1]

WHEREAS, the attorney's fees and costs requested by Petitioner are reasonable. Petitioner represents that total attorney billings amount to $11,502.00, which reflects 32.1 hours of work.  Two attorneys worked on the matter -- an associate billing $300 per hour and a partner billing $495 per hour.  These rates and the hours worked are commensurate with each attorney's experience handling petitions to confirm arbitration awards and the time such a case requires, as described in the Declaration submitted in support of Petitioner's application.  Petitioner also seeks compensation for the following costs: $405 for filing fees, $722.88 for service of process, $76.75 for postage and $984.08 for Westlaw research.  "Recovery of such costs is routinely permitted."  *Id.* at *6.  It is hereby

**ORDERED** that Petitioner's application for attorney's fees in the amount of $11,502.00 and costs in the amount of $2,188.11 is **GRANTED**.

Dated: May 21, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.